UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JONATHAN ORDER, ]<br>    Plaintiff, ]<br>]<br>v. ]<br>]<br>CITY OF LEWISTON, MAINE ]<br>AND DAVID BROWN, LEWISTON ]<br>POLICE DEPARTMENT, ]<br>    Defendants. ] | COMPLAINT<br><br>JURY TRIAL DEMANDED |

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, JONATHAN ORDER, seeks relief for the defendants' violation of his civil rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and rights secured by the fourth and fourteenth amendments to the United States Constitution. The plaintiff seeks damages, compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorneys' fees, and other further relief as this Court deems just and equitable.

## JURISDICTION

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 (a)(3) and (4), this being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

3. Jurisdiction is also invoked herein pursuant to the fourth and fourteenth amendments to the United States Constitution and 42 U.S.C. § 1983.

1

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each of the causes of action pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the District of Maine pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. The plaintiff, JONATHAN ORDER, at all times relevant herein, was a resident of the State of Maine.

7. Defendant DAVID BROWN, was at all times relevant herein, acting under color of law as a City of Lewiston Police Officer. He is being sued individually and not in his official capacity.

8. The defendant, CITY OF LEWISTON, is a municipal entity created and authorized under the laws of the State of Maine. It is authorized by law to maintain a police department, which acts as its agents in the area of law enforcement and for which it is ultimately responsible.  The defendant CITY OF LEWISTON assumes the risks incidental to maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the Lewiston Police Department.

## FIRST CAUSE OF ACTION:
## CIVIL RIGHTS VIOLATION AGAINST
## POLICE OFFICER DAVID BROWN

9. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 8 above as if fully set forth herein.

10. On September 19, 2016, ORDER was arrested in Lewiston, Maine. During the arrest, ORDER is alleged to have stabbed a Lewiston Police Corporal.

11. ORDER was being transported to the Androscoggin County Jail by Defendant BROWN. He was rear cuffed.

12. On route, BROWN stopped his cruiser and pulled ORDER from the back seat, slammed ORDER's head into the pavement, and kneed him in the head.

13. Defendant BROWN did so, while stating to ORDER, "you can't stab a cop."

14. Defendant BROWN was not legally justified in using any force against ORDER and the force he did use was clearly excessive.

15. As a direct and proximate result of defendant BROWN's conduct, the plaintiff ORDER has suffered permanent physical, mental and emotional injury and pain, mental anguish, suffering, and medical and other expenses.

16. The conduct and action of defendant BROWN acting under color of state law, using excessive force upon plaintiff JONATHAN ORDER, was done intentionally and maliciously, was designed to and did cause physical injury, pain and suffering in violation of plaintiff's constitutional rights as guaranteed under 42

U.S.C. § 1983 and the fourth and fourteenth amendments of the United States Constitution.

### AS AND FOR A SECOND CAUSE OF ACTION, CIVIL RIGHTS VIOLATION AGAINST DEFENDANT CITY OF LEWISTON

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16 above as if fully set forth herein.

18. At all times material to this complaint, the defendant CITY OF LEWISTON had in effect *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officer.

19. On information and belief, the defendant CITY OF LEWISTON failed to establish guidelines for, and/or train, supervise or educate its police officers, including defendant BROWN, about correct practices and police procedures in the use of force and hereby permitting defendant BROWN to be in a position to violate the plaintiff's federal and state constitutional and statutory rights.

20. On information and belief, the defendant CITY OF LEWISTON failed to effectively screen, hire, train, supervise, and discipline its police officers, including defendant BROWN, for his propensity for violence and the use of excessive force, thereby permitting defendant BROWN to be in a position to violate the plaintiff's federal and state constitutional and statutory rights.

21. The defendant CITY OF LEWISTON being aware that such lack of effective screening and hiring, and lack of training, supervision, and discipline,

leads to improper conduct by its employee police officers, acted with deliberate indifference in failing to establish a program of effective screening and hiring, and failing to establish a program of training, supervision and discipline.

22. On information and belief, the defendant CITY OF LEWISTON failed to put into place and maintain a structure for risk containment and stress management relative to its employee police officers. Said structure was deficient, at the time of pre-selection and selection, to (a) evaluate and exchange information within the command structure about the performance of individual police officers; (b) train supervisory personnel to effectively and adequately evaluate the performance of a police officer; and (c) otherwise put the command structure on notice that an individual or individuals were a significant risk to the public at large. The net effect of this was to permit police officers of the defendant CITY OF LEWISTON to function at levels of significant and substantial risk to the public at large.

23. As a result of a conscious policy, practice, custom or usage, defendant CITY OF LEWISTON has permitted and allowed for the employment and retention of individuals as police officers whose individual circumstances place the public at large, or segments thereof, at substantial risk of being the victims of discriminatory, assaultive, abusive, or otherwise illegal and offensive behavior. Such policy, practice, custom and usage is a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm to the plaintiff.

WHEREFORE, the plaintiff demands the following relief jointly and severally against the defendants:

A. Compensatory damages;

B. Punitive damages;

C. The convening and impaneling of a jury to consider the merits of the claims herein;

D. Costs, interest and attorney's fees; and

E. Such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief, as may be required in the interests of justice.

Dated: June 21, 2017

/s/Lawrence A. Vogelman
Lawrence A. Vogelman (#10280)
Nixon, Vogelman, Barry, Slawsky & Simoneau, PA
77 Central Street
Manchester, NH 03101
Phone: (603) 669-7070
Email: Lvogelman@davenixonlaw.com

/s/ Brett Baber
Lanham, Blackwell & Baber
133 Broadway
Bangor, Maine 04401
Phone: 207-942-2898
Email: bbaber@lanhamblackwell.com