UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JONATHAN ORDER, </br></br>            Plaintiff </br></br>v. </br></br>CITY OF LEWISTON, MAINE, and </br>DAVID BROWN </br></br>            Defendants | ) </br>) </br>) </br>) </br>) </br>) </br>) </br>) Civil Action No: 2:17-cv-236-NT </br>) </br>) </br>) |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND JURY TRIAL DEMAND

NOW COME Defendants, City of Lewiston, Maine, and David Brown of the Lewiston Police Department, by and through undersigned counsel, and answer Plaintiff's Complaint as follows:

### PRELIMINARY STATEMENT

1. The allegations contained in paragraph 1 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 1 of the Complaint.

### JURISDICTION

2. The allegations contained in paragraph 2 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 2 of the Complaint.

3. The allegations contained in paragraph 3 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 3 of the Complaint.

## JURY TRIAL DEMANDED

4.	The allegations contained in paragraph 4 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 4 of the Complaint.

## VENUE

5.	The allegations contained in paragraph 5 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the allegations contained in paragraph 5 of the Complaint.

## PARTIES

6.	Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and therefore deny the same

7.	Defendants admit that David Brown was acting under color of law as a City of Lewiston Police Officer.  The remaining allegations contained in paragraph 7 of the Complaint call for legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the remaining allegations contained in paragraph 7 of the Complaint.

8.	Defendants admit that the City of Lewiston is a municipal entity created and authorized under the laws of the State of Maine.  The remaining allegations contained in paragraph 8 of the Complaint call for legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the remaining allegations contained in paragraph 8 of the Complaint.

## FIRST CAUSE OF ACTION:
## CIVIL RIGHTS VIOLATION AGAINST
## POLICE OFFICER DAVID BROWN

9. Defendants repeat and reallege their responses contained in paragraphs 1 through 8 herein.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. Defendants admit that Officer Brown stopped his cruiser and pulled Order from the back seat but deny the remaining allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION,
## CIVIL RIGHTS VIOLATION AGAINST
## DEFENDANT CITY OF LEWISTON

17. Defendants repeat and reallege their responses contained in paragraphs 1 through 16 herein.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

WHEREFORE, Defendants respectfully request judgment in their favor on all Counts of Plaintiff's Complaint, plus their costs of suit.

## JURY DEMAND

Defendants hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## AFFIRMATIVE DEFENSES

1. Defendants affirmatively defend by stating that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff has failed to mitigate his damages, if any.

3. Defendants affirmatively defend by stating that Plaintiffs' Complaint is barred by the doctrine of absolute immunity and/or qualified immunity.

4. If any of Defendants' acts are found to have been unlawful and/or unconstitutional, Defendants had no knowledge of such illegality or unconstitutionality at the time of the alleged conduct and at all times were acting in good faith.

5. Any action taken by Defendant was in response to Plaintiff's own conduct and an effort to try to prevent Plaintiff from his repeated and violent attempts to injure himself.

6. Defendant municipality has no liability for damages because the conduct of its employees did not violate clearly established law, therefore any alleged failure to hire, train, manage, discipline, or supervise could not have been a proximate cause of Plaintiffs' damages.

7. Defendant municipality at all times had policies, practices, customs and usages that exceeded those imposed by the State of Maine as minimum acceptable levels with regard to use of force by police officers.

8. Defendants' conduct did not rise to the level of a constitutional violation, but, at most, amounts to a common law tort.

9.  No clearly established rights of Plaintiff were violated by Defendants' actions.

10. Any force used by Defendant Brown was objectively reasonable in light of the facts and circumstances surrounding the incident and in the face of Plaintiff's repeated refusal to cease his efforts to injure himself by violently slamming his head against the divider between the front and rear seats of the police cruiser.

11. The amount of force used, if any, by Defendant Brown was only that amount which was reasonable and necessary under the circumstances, when viewed objectively.

12. Plaintiff's claim is barred by the doctrine of estoppel and/or preclusion.

13. Defendants affirmatively defend by stating that Plaintiff's injuries, if any, were not caused by any municipal policy or custom, or any failure to train, discipline, or supervise the municipality's police officers.

14. Defendants affirmatively defend by stating that Plaintiff's injuries, if any, were not caused by any action by Defendant Brown, but were caused by Plaintiff's own conduct in violently slamming his head against the divider between the front and rear seats of the police cruiser.

DATED: July 14, 2017      */s/ Edward R. Benjamin, Jr.*
                                        Edward R. Benjamin, Jr.
                                        *Attorney for Defendants*

DATED: July 14, 2017      */s/ Kasia S. Park*
                                        Kasia S. Park
                                        *Attorney for Defendants*

Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME  04101
Tel: (207) 772-1941
ebenjamin@dwmlaw.com
kpark@dwmlaw.com

## **CERTIFICATE OF SERVICE**

I, Edward R. Benjamin, Jr., hereby certify that on **July 14, 2017,** I electronically filed the above Defendants' Answer to Plaintiff's Complaint and Jury Trial Demand with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to all parties of record.

*/s/ Edward R. Benjamin, Jr.*
Edward R. Benjamin, Jr.
*Attorney for Defendants*
Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com
